OPINION OF THE COURT
Per Curiam.
Order entered February 26, 2002 modified to deny tenant’s cross motion and to reinstate the petition; as modified, order affirmed, with $10 costs to petitioner-appellant.
The June 15, 2001 notice of termination underlying this nuisance holdover proceeding alleged that tenant caused “extensive water damage” to his own apartment on at least two specified occasions, viz., April 26, 2000 and “most recently” March 29, 2001; that tenant additionally caused “serious damage to the apartment below”; that tenant failed to provide access to the landlord to enable it “to rectify and inspect conditions” in the subject apartment; and that tenant’s course of conduct was in violation of Rent Stabilization Code (9 NYCRR) § 2524.3 (b) and enumerated provisions of tenant’s lease and lease rider. In such form, the termination notice was sufficiently particularized to withstand the tenant’s “due process” challenge, and was “reasonable * * * in view of [the] attendant circumstances” (Hughes v Lenox Hill Hosp., 226 AD2d 4, 17, lv dismissed in part and denied in part 90 NY2d 829). That the notice meaningfully apprised tenant of the factual underpinnings of the landlord’s nuisance claim was confirmed by tenant’s own moving papers, which include a detailed, four-page affidavit addressing the merits of the litigation and essaying to chronicle the history of “systemic” water leaks and “plumbing problems” in the building premises. Nor was the termination notice rendered jurisdictionally defective by the misstatement that it was served pursuant to Rent Stabilization Code (9 NYCRR) § 2524.3 (d) (which authorizes eviction proceedings based on “immoral or illegal” use), particularly since the notice correctly and conspicuously referenced Rent Stabilization Code (9 NYCRR) § 2524.3 (b) as the proper statutory predicate for the landlord’s stated nuisance claim.
Suarez, P.J., McCooe and Gangel-Jacob, JJ., concur.